Contrary to the contention of the plaintiffs, the Supreme Court providently exercised its discretion (see Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]; Colantonio v Mercy Med. Ctr., 102 AD3d 649, 650 [2013]) in directing the injured plaintiff to submit to an examination by a vocational rehabilitation expert. The record demonstrates that the plaintiffs placed the injured plaintiff s ability to engage in future employment in issue, thereby making an evaluation by a vocational rehabilitation expert appropriate (see Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954-955 [1998]; Scotto v M.D. Carlisle Constr. Corp., 18 AD3d 459, 460 [2005]). Additionally, the plaintiffs were not prejudiced by the order directing the examination, since discovery was still ongoing in the action and the note of issue had not been filed (see generally Spano v Omni Eng’g, LLC, 69 AD3d 922 [2010]; Jones v Grand Opal Constr. Corp., 64 AD3d 543 [2009]; Barbosa v Capolarello, 52 AD3d 629 [2008]). Mastro, J.P., Roman, Miller and Hinds-Radix, JJ., concur.